UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:20-cv-60318

**MARTHA FERNANDEZ**,

    Plaintiff,

v.

**BANYAN TREATMENT AND RECOVERY, LLC,**
a Florida limited liability company,
**JOSEPH TUTTLE**,
individually,

    Defendants.

_____/

## COMPLAINT

Plaintiff, Martha Fernandez ("Fernandez"), under the provisions of the Fair Labor Standards Act ("FLSA"), and Family and Medical Leave Act ("FMLA"), files this Complaint against Defendants, Banyan Treatment and Recovery, LLC ("Banyan") and Joseph Tuttle ("Tuttle"), and alleges, as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(4), because these claims seek redress for violations of Plaintiff's federal civil and statutory rights.

2. At all material times, Banyan was a Florida company, authorized to conduct and conducting business in Florida.

3. At all material times, Tuttle, was *sui juris* and a resident of Florida.

4. At all material times, Fernandez was *sui juris* and a resident of Florida.

5. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

6. Upon information and belief, Banyan was a FLSA covered residential care facility engaged in providing residential, social, and personal care for persons with limits to the ability for self-care.

7. Upon information and belief, the annual gross revenue of Banyan was at all time material hereto, in excess of $500,000.00 per annum.

8. At all material times hereto, Banyan was an enterprise engaged in interstate commerce.

9. At all material times hereto, Banyan operated as an organization which purchased equipment and products manufactured outside the state of Florida; provided services to or sold, marketed, or handled goods and materials to customers throughout the United States; provided services for goods sold and transported from across state lines; obtained, solicited, and accepted funds from sources outside the state of Florida; used telephonic transmissions traversing state lines in the ordinary course of business; transmitted funds outside the state of Florida; and otherwise regularly engaged in interstate commerce.

10. As a result of the services provided by Banyan, two or more of its employees regularly handled and worked with goods and materials moved in or produced in interstate commerce.

11. By reason of the foregoing, Banyan was, during all time material hereto, an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(r)-(s), and Plaintiff was within interstate commerce.

12. Plaintiff regularly utilized and handled materials, equipment and goods manufactured and purchased from outside the state of Florida and regularly used the instrumentalities of interstate commerce.

13. Upon information and belief, Tuttle was the manager of Banyan and had economic and day-to-day control of Banyan, and of the nature and structure of Plaintiff's employment relationship with Banyan and was therefore an employer as defined by 29 U.S.C. § 203(d).

## GENERAL ALLEGATIONS

14. Upon information and belief, Plaintiff was employed by Defendants as a behavioral health technician, from approximately May 9, 2016 through March 4, 2019.

15. Plaintiff was paid $15.00 per hour and worked approximately thirty-two (32) hours per week.

16. Throughout Plaintiff's employment, Defendants unlawfully docked half an hour from her pay each day, attributing it to her break, even though she worked during this time.

17. On or about February 8, 2019, Plaintiff went on an approved FMLA leave.

18. She was scheduled to return on March 12, 2019.

19. On or about February 26, 2019, Plaintiff returned from her FMLA leave earlier than expected but was not placed back on the schedule.

20. On or about March 4, 2019, less than six (6) days after her return, Plaintiff was terminated from her employment in violation of the FMLA.

21. Plaintiff has complied with all conditions precedent to filing this action.

22. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

**PRE-SUIT DEMAND**

23. On March 22, 2019, Plaintiff through her undersigned counsel, sent to Defendants a written pre-suit demand regarding the FLSA and FMLA violations, requesting that they pay damages and the amounts owed to Plaintiff, but Defendants failed/refused to do so.

**COUNT I**
**MINIMUM WAGE/OVERTIME (FLSA) AGAINST BANYAN**

24. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-three (23) above.

25. This is an action against Banyan for minimum wage/overtime in violation of the FLSA.

26. Banyan unlawfully docked time from Plaintiff's paychecks on a routine basis.

27. Specifically, Banyan routinely edited Plaintiff's time records by reducing thirty (30) minutes each day and attributing it to her "break," even though she did not take breaks and remained on duty during this time.

28. Plaintiff was not compensated at all for this time in which she remained on duty, in violation of the minimum wage provision of the FLSA.

29. Moreover, in the event that this time worked by Plaintiff for which she was not compensated resulted in her working over forty (40) hours in a given week, she was not paid at the appropriate overtime rate in violation of the FLSA.

30. As a result, Plaintiff is entitled to the wages unlawfully taken from her.

**COUNT II**
**MINIMUM WAGE/OVERTIME (FLSA) AGAINST TUTTLE**

31. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-three (23) above.

32. This is an action against Tuttle for minimum wage/overtime in violation of the FLSA.

33. Tuttle unlawfully docked time from Plaintiff's paychecks on a routine basis.

34. Specifically, Tuttle routinely edited Plaintiff's time records by reducing thirty (30) minutes each day and attributing it to her "break," even though she did not take breaks and remained on duty during this time.

35. Plaintiff was not compensated at all for this time in which she remained on duty, in violation of the minimum wage provision of the FLSA.

36. Moreover, in the event that this time worked by Plaintiff for which she was not compensated resulted in her working over forty (40) hours in a given week, she was not paid at the appropriate overtime rate in violation of the FLSA.

37. As a result, Plaintiff is entitled to the wages unlawfully taken from her.

## COUNT III
## RETALIATION (FMLA) AGAINST BANYAN

38. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-three (23) above.

39. This is an action against Banyan for discrimination/retaliation in violation of the FMLA.

40. Banyan was an employer under 29 CFR § 825.104 as it employs fifty (50) or more employees for each working day during of twenty (20) or more calendar workweeks in the current or preceding calendar year.

41. The FMLA entitles employees to a total of twelve (12) workweeks of leave during any twelve (12) month period for medical reasons, the birth or adoption of a child, and the care of a child, spouse, or parent who has a serious health condition.

42. It also provides that an employer may not terminate an employee who provides notice of a need for leave.

43. Additionally, an employee who takes leave under the FMLA, is entitled to be restored to the same or an equivalent position upon returning from leave.

44. Plaintiff applied for FMLA leave and Banyan approved Plaintiff's FMLA leave.

45. On or about February 8, 2019, Plaintiff went on FMLA leave.

46. Prior to her anticipated return date, Plaintiff notified Banyan that she could return to work earlier than expected; however, Plaintiff was not placed back on the schedule.

47. Subsequently, on or about March 4, 2019, less than six (6) days after Plaintiff's return to work, she was terminated in retaliation for taking FMLA leave.

48. As a result of Banyan's unlawful retaliation, Plaintiff has incurred, and is now incurring, a loss of wages within the meaning of the FMLA, 29 U.S.C. § 2617(a), for which she is entitled to be compensated.

## COUNT IV
## RETALIATION (FMLA) AGAINST TUTTLE

49. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-three (23) above.

50. This is an action against Tuttle for discrimination/retaliation in violation of the FMLA.

51. Tuttle was an employer under 29 CFR § 825.104 as he was a person acting, directly or indirectly, in the interest of Banyan, a covered employer.

52. The FMLA entitles employees to a total of twelve (12) workweeks of leave during any twelve (12) month period for medical reasons, the birth or adoption of a child, and the care of a child, spouse, or parent who has a serious health condition.

53. It also provides that an employer may not terminate an employee who provides notice of a need for leave.

54. Additionally, an employee who takes leave under the FMLA, is entitled to be restored to the same or an equivalent position upon returning from leave.

55. Plaintiff applied for FMLA leave and Tuttle approved Plaintiff's FMLA leave.

56. On or about February 8, 2019, Plaintiff went on FMLA leave.

57. Prior to her anticipated return date, Plaintiff notified Tuttle that she could return to work earlier than expected; however, Plaintiff was not placed back on the schedule.

58. Subsequently, on or about March 4, 2019, less than six (6) days after Plaintiff's return to work, she was terminated in retaliation for taking FMLA leave.

59. As a result of Tuttle's unlawful retaliation, Plaintiff has incurred, and is now incurring, a loss of wages within the meaning of the FMLA, 29 U.S.C. § 2617(a), for which she is entitled to be compensated.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

60. Plaintiff hereby demands a jury trial of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Martha Fernandez, respectfully requests that judgment be entered in her favor against Defendants, Banyan Treatment and Recovery, LLC, and Joseph Tuttle, as follows:

(a) Declaring that the acts of Defendants were in violation of the FLSA;

(b) Declaring that the acts of Defendants were in violation of the FMLA;

(c) Awarding Plaintiff damages against Defendants, for lost and withheld compensation;

(d) Awarding Plaintiff liquidated damages;

(e) Awarding Plaintiff reasonable attorney's fees, costs, interest, and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

(f) Ordering any further relief that this Court may deem just and proper.

Respectfully submitted this 13th day of February 2020.

> By: /s/ Henry Hernandez
> Florida Bar No. 542601
> Law Office of Henry Hernandez, P.A.
> 2655 Le Jeune Road, Suite 802
> Coral Gables, Florida 33134
> Email: Henry@HHLAWFLORIDA.com
> Tel.: 305.771.3374
>
> By: /s/ Monica Espino
> Florida Bar No. 834491
> Espino Law, PL
> 2655 S. LeJeune Road, Suite 802
> Coral Gables, Florida 33134
> Email:  me@espino-law.com
> Tel.: 305.704.3172
> Fax: 305.722.7378
>
> *Attorneys for Plaintiff*